United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 11, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-30334
Summary Calendar
_____

VIDALE J. TASBY,

        Plaintiff-Appellant,

versus

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY;
DONALD BARR; DOUG DURETT; BILLY ORR; RANDY RITCHEL;
CAROL DUTHU; DAVE ANKERBAND; EDMUNDO GUITERREZ;
DAVID JONES; RICHARD L. STADLER; ROBERT RACHEL;
CLARENCE PARKER; RANDOLPH BEAUBOEUF; JOSEPH TURNER,

        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 00-CV-577

_____

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

    Vidale G. Tasby, Louisiana prisoner # 330329, appeals the

district court's grant of summary judgment in favor of the

defendants on his 42 U.S.C. § 1983 action challenging his placement

in behind-the-back restraints (back restraints). We affirm.

    Tasby argues first that the defendants placed him in back

_____

    [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

restraints after disciplinary convictions without notice or a hearing in violation of the Due Process Clause. He has not shown, however, that any punishment arising from the use of these back restraints constituted an "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life."[1] The record indicates that Tasby had to wear back restraints for only short periods of time when he was outside of his cell.

Tasby next asserts that his placement in the back restraints constituted deliberate indifference to his serious medical needs. He claims that the back restraints caused him to break out in a rash, that they prevented him from using his inhaler, that they prevented him from breaking his fall with his hands when he fell, and that they caused injury to his shoulders and back. His assertion that he suffered a rash as a result of the back restraints, however, does not establish that he suffered "serious harm."[2] Tasby likewise has not established that he suffered any harm, let alone "serious harm," based on an alleged inability to use an inhaler to treat his hay fever while in the back restraints.[3] His contention that he fell while suffering an allergic reaction and could not reach his inhaler is raised for the

---

[1]*Sandin v. Conner*, 515 U.S. 472, 484 (1995) (internal citations omitted).

[2]*Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

[3]*Farmer*, 511 U.S. at 847.

2

first time on appeal and will not be considered.[4]

Tasby's arguments concerning his fall similarly fail to provide any basis for relief. He has not shown that the defendants were aware of a "substantial risk of serious harm" surrounding the fall that he suffered,[5] and he received treatment after he slipped and fell. His disagreement with the treatment he received is insufficient to warrant relief under 42 U.S.C. § 1983.[6] Finally, Tasby's allegations that the back restraints caused calcification in his shoulder are conclusional, and thus are also insufficient to warrant federal relief in light of the medical evidence presented by the defendants.[7]

Tasby does not challenge on appeal the district court's dismissal of his claims against the defendants in their official capacities, the dismissal of one defendant for lack of service of process, the finding that the directive authorizing back restraints was constitutional, and the dismissal without prejudice of his state-law claims. Although Tasby lists as an appellate issue the assertion that the district court erred in allowing the defendants to file a second motion for summary judgment, he does not present

---

[4]*Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

[5]*Farmer*, 511 U.S. at 847.

[6]*Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

[7]*See Michaels v. Avitech, Inc.*, 202 F.3d 746, 754-55 (5th Cir. 2000).

any argument on this allegation.  These claims are therefore deemed abandoned.[8]

The judgment of the district court is AFFIRMED.

---

[8]*See Yohey v. Collins*, 985 F.3d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.3d 744, 748 (5th Cir. 1987).